UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EFRAÍN MORÁN VEGA, et. al.,**
**Plaintiffs,**

v.  CIVIL NO.: 03-1902 (DRID)

**VICTOR RIVERA HERNÁNDEZ, et. al.,**
**Defendants**

**OPINION AND ORDER**

Pending before the Court is plaintiffs' *Motion for Reconsideration and Supplementation to any Pending Dismissal Requests* (Docket No. 35) and *Second Motion for Reconsideration and Supplementation to any Pending Dismissal Requests* (Docket No. 44). Plaintiffs move the Court to reconsider its *Opinion and Order* (Docket No. 34) granting defendants' *Motion to Dismiss* (Docket No. 9) hence dismissing plaintiff's claims against defendants Myrna Crespo Saavedra, Faustino Acevedo Cruz and José Luis Rivera Rodríguez as being barred by the applicable statute of limitations. In its motion for reconsideration plaintiffs sustain that their claims are not time barred given that at least one discrete act had occurred within the prescribed statute of limitations. Specifically, plaintiffs' point to the fact that Moran Vega's illegal suspension is still pending resolution after an administrative hearing was held regarding the administrative charges filed on December 8, 2001. Thus, plaintiffs request the Court to set aside its judgment and to deny defendants motion to dismiss.

For the reasons stated herein, the Court hereby **DENIES** plaintiffs' *Motion for Reconsideration and Supplementation to any Pending Dismissal Requests* (Docket No. 35) and **MOOTS** plaintiffs' *Second Motion for Reconsideration and Supplementation to any Pending Dismissal Requests* (Docket No. 44).

## STANDARD FOR MOTION FOR RECONSIDERATION

Motions for reconsideration are generally considered either under Fed.R.Civ.P. 59 or Rule 60 depending on the time such a motion is served. *See* Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided upon by the Court. These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in the law. *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (*citing* F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir., 1992)); Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 n. 4 (D.P.R., 1999); Cherena v. Coors Brewing Com., 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerican Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Id at 123. *See also*, Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994)(a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed.); Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D. at 205.

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration of interlocutory orders. *See* Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D. 275, 287 (D.C. Col, 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir.,1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under

Fed. R. Civ. P. 59(e) if it seeks to change the order or judgment issued. Id.  Further, although Rule 59(e) refers to judgment ( i.e., rulings that are appealable), Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. *See* Waye v. First Citizen's National Bank, 846 F.Supp. at 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundation v. Karg Bros.Inc. , 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99 (E.D. Va. 1983) (motion for reconsideration of order denying motion to dismiss).

"A motion for reconsideration of an order to grant [deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure". Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d 258, 259 (D. P. R. 2002); *See also* Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D. P. R. 2002).  "These motions should be granted to correct manifest errors of law or to present newly discovered evidence." Trabal Hernandez., 230 F.Supp.2d at 259; *See also* F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123. Moreover, Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment [or order]." Pacific Insurance Company. v. Am. Nat'l. Fire Ins. Co.,148 F.3d 396, 403 (4th Cir.1998). "Neither are Rule 59(e) motions appropriate to repeat old arguments previously considered and rejected". Trabal Hernandez., 230 F.Supp.2d at 259; (*citing* Nat'l Metal Finishing,., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R. 2002)). Hence, "motions for reconsideration are 'extraordinary remedies which should be used sparingly" and are "typically denied". Trabal Hernandez., 230 F.Supp.2d at 259;  Nat'l Metal Finishing Co., 899 F.2d at 123; 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1, at 128 (2d ed.1995) *emphasis added*.

As a general rule, motions for reconsideration should only be exceptionally granted. As our sister court in the Western District Court of Pennsylvania has wisely counseled:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions . . . . hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Penn. 1998).

Thus, in the interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because the parties should not be free to relitigate issues a court has already decided. Id. (*citing* New Chemic (U.S.), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D.Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Dodge v. Susquehanna University, 796 F. Supp. 829, 830 (M.D.Pa., 1992).

## THE COURT'S PREVIOUS DECISION

On August 21, 2003, plaintiffs filed a civil action under the Civil Rights Act of 1991 ( 42 U.S.C. §§ 1983, 1985, 1986, 1988), the Constitution of the United States, and articles 1802 and 1803 of the Puerto Rico Civil Code (31 P.R. Laws Ann. §§1541- 1542). In the *Complaint*, Morán Vega alleged that he was illegally terminated from his employment at the Administración de Derecho al Trabajo (hereafter A.D.T) because of his political affiliation with the New Progressive Party

("N.P.P.") (Docket No. 1). Subsequently, on October 31, 2003, defendants Myrna Crespo-Saavedra, José Cordero-Serrano and Faustino Acevedo Cruz filed a *Motion to Dismiss* pursuant to Rule 12 (b)(6), Fed. R. Civ. P., (Docket No. 9), sustaining that they were entitled to relief because plaintiffs' claims were time barred by the applicable statute of limitations. In other words, co-defendants sustained that more than a year had elapsed since plaintiffs knew or had reason to know that the alleged discriminatory act against them took place. Said motion was timely opposed by plaintiffs on November 21, 2003 (Docket No. 13).

On May 4, 2004, the Court referred co-defendants' motion for dismissal request to Magistrate Judge Aida Degaldo Colón for a *Report and Recommendation* (Docket No. 22). On June 9, 2004, the Magistrate Judge issued its *Report and Recommendation* (Docket No. 29), concluding that plaintiffs' cause of action should be dismissed with prejudice as being time barred by the applicable statute of limitations. The Magistrate Judge concluded that:

> [E]ven if the Court were to construe Morán's request for an administrative hearing as an extrajudicial claim, its effect would be to restart the one year limitation period on December 8, 2001, the day he requested the same. As noted earlier, Morán did not file his complaint until August 21, 2003 well over one year from December 8, 2001 since Morán did not file suit within a year of that date, the tolling provision does not impact the analysis in this present case.(Docket 29, p. 11).

On June 18, 2004, plaintiffs filed their Objections to the Honorable Magistrate's Report and Recommendation (Docket No.31). Plaintiffs's sustained that the instant cause of action was not time barred; that the Magistrate Judge did not consider all of the well-pleaded factual allegations of the complaint; and that the Magistrate Judge did not take into consideration the continuing violation doctrine as set forth by the Supreme Court in National Railroad Passenger Corp. v.Morgan, 536 U.S. 101 (2002).

On September 23, 2004, the Court issued its *Opinion and Order* (Docket No. 34) adopting

all the recommendations rendered by the Magistrate Judge in its *Report and Recommendation* (Docket No. 29). In relation to the ongoing discriminatory effects allegedly suffered by plaintiff the Court concluded that "pursuant to plaintiff's continued suspension and suffering caused by the administrative hearings' procedure,... such effects do not state a serial violation under the continuing violation theory." (Docket No. 34, p. 13) The Court relied on Chardón v. Fernandez, 454 U.S. 6, 8, 102 S. Ct. 28, 29, 70 L. Ed. 2d 6 (1981) (per curiam), and on Mack v. Great Atlantic and Pacific Tea Company, Inc, 871 F. 2d 179, 182 (1st Cir. 1989). Moreover, the Court reasoned that "[p]laintiff have not stated a continuing violation, since all that appears from the complaint is that they continue to suffer from the ongoing effects of Morán Vega's suspension" (Docket No. 34, p.34). Further, the Court concluded that "[p]laintiff had failed to file suit within the one-year statute of limitations and failed to show that their claims were not time barred under the continuing violation theory." (Docket No. 34, p.14).

On October 10, 2004, plaintiffs filed the instant motion for reconsideration sustaining, firstly, that the Court overlooked the cited precedent in National Railroad Passenger Corp. v. Morgan, *supra*; secondly, that the plaintiffs had alleged a significant act of discrimination within the time limitation period for which plaintiffs' claims were not time barred by applying the aforementioned Morgan standard; thirdly, that the Court failed to appreciate the uncontroverted allegation indicating that at least one discrete act had occurred within the statute of limitations, to wit, plaintiff's illegal suspension is still pending resolution after an administrative hearing was held, and lastly, that even if Morán-Vega's hostile work environment claim is time barred, it is unquestionable that his well-pleaded allegation of retaliation for filling an administrative appeal/grievance to his illegal suspension is certainly not time barred.

On October 18, 2004, defendants filed a *Memorandum in Opposition to Motion of*

*Reconsideration* (Docket No. 36). Defendants counter by arguing that plaintiffs' alleged discriminatory act comprises a discrete act and not an ongoing series of harassment setting the instant claim as time barred. Further, defendants point that the alleged retaliation claim is not argued in the complaint and that plaintiffs are raising said argument for first time in their motion for reconsideration. On June 20, 2005, a second motion for reconsideration was filed by plaintiffs at Docket No. 44, rehashing the same legal arguments stated in their previous motion of reconsideration at Docket No. 35.

## LEGAL ANALYSIS

In the instant case, plaintiffs move the Court to reconsider its ruling adopting all the recommendations provided by the Magistrate Judge, including dismissing plaintiffs' claim for being time barred. Plaintiffs sustain that the claim is not time barred, maintaining that at least one discrete act had occurred within the statue of limitations, to wit, that plaintiff's illegal suspension is still pending resolution by the agency. The Court restates its opinion that plaintiffs have failed to show, as a matter of fact, that Morán Vega's illegal suspension awaiting for resolution in an administrative forum, does in fact constitute a continuing violation according to the applicable case law. Instead, the Court deems that plaintiffs have shown that Morán-Vega suffers the ongoing effects of a discrete act, rather than an ongoing series of violations. Plaintiff should not be confused as to the "critical distinction between a continuing act and a singular act [i.e. discrete act] that brings continuing consequences in its roiled wake." Muñiz Cabrero v. Ruiz, 23 F. 3d 607, 610 (1st Cir. 1994). The Court of Appeals of the First Circuit has defined continuing violation acts as:

> [S]ome acts [that] are imbricated, i.e. they involve an interlinked succession of related events or a fully-integrated course of conduct. Although the limitations clock generally starts with the commission of a discriminatory act, a true 'continuing violation' rewinds the clock for each discriminatory episode along the way. Thus if the later violations in the series are within the prescriptive period, an employee may

them despite the fact that earlier acts, forming part and parcel of the same, have grown stale.

Mack v. Great Atlantic and Pacific Tea Company, Inc., 871 F. 2d 179, 183 (1st Cir 1989)

Secondly, plaintiffs move the Court to reconsider its ruling that the action is time barred pursuant to the doctrine set forth in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002). In this case, Morgan, an African American, filed an action claim at the Equal Employment Opportunity Commission (EEOC) and at the California Department of Fair Employment and Housing against National Railroad Passenger Corporation for racial hostile work environment throughout his employment and discriminatory and retaliatory acts under section 2000(e)(5) of Title VII of the Civil Rights Act of 1964. The EEOC, after revising the complaint, issued a "Notice of Right to Sue" allowing Morgan to proceed to court with a lawsuit. Amongst the several acts alleged in the complaint Morgan included several acts that occurred prior to the 300 days time period, to the time Morgan filed his EEOC complaint. The Morgan Court in determining if the discriminatory acts, that fell outside the 300 days time period were in fact time barred held that **a Title VII plaintiff raising claims of discrete discriminatory and retaliation acts must file his complaint within the appropriate 180-300 day period, but a complaint alleging a hostile work environment will not be time barred if all acts constituting the claim are part of the *same* unlawful practice and at least one act falls within the filling period**. National Railroad Passenger Corp. v. Morgan, *supra* at 118. *(emphasis ours)*.

Plaintiffs sustain that the present case is analogous to National Railroad Passenger Corp. v. Morgan, *supra,* because the Morgan Court concluded that an employee, like Morán Vega, who initially filed a charge of discrimination with a state agency and then filed the charge with the EEOC within 300 days of the alleged unlawful employment practice, is in due time to file his complaint in court. As plaintiffs have already noticed National Railroad Passenger Corp. v. Morgan, *supra*, deals

specifically with claims under 42 U.S.C. section 2000(e)(5) and not with claims under section 1983. Notwithstanding, it seems that plaintiffs, implicitly, suggest this Court to extend the continuing violations principles enunciated by the Supreme Court in Morgan to a corollary of Title VII, section 1983.

In Branch v. Guilderland Cent. School Dist, 239 F. Supp. 2d 242 (N.D.N.Y. 2003) the Court examined the same issue raised by the instant plaintiffs, to wit, extending the continuing violation act doctrine as set in Morgan to a corollary of Title VII, such as section 1983. The facts to the case reveal that plaintiff-Branch, a bus driver, filed an action against a school district and the District's Transportation Director, alleging retaliation for reporting the misconduct of the Transportation Director to the school district's Assistant Transportation Supervisor under 42 U.S.C. §1983. Branch's complaint averred several acts that occurred over the 180 or the 300 days time period, sustaining that said acts were part of a continuing violation act. Moreover, Branch alleged that all the acts included within the complaint were not time barred given that all of them should have been considered as a whole, as one continuing violation act. The Branch Court examined whether the doctrine set forth in Morgan could be extended to a §1983 claim, and established an analogy between the concept of "policy or custom" as used under §1983, and "pattern or practice" pursuant to §2000(e)(5). Branch v. Guilderland Cent. School Dist, 239 F. Supp. 2d at 253. From that analogy, the Court ruled that because the amended complaint presented an allegation of a policy of retaliation, this allegation, as such, formed **"a permissible and appropriate basis for invocation of the continuing violations doctrine"**. Branch v. Guilderland Cent. School Dist, 239 F. Supp. 2d at 254 *(emphasis ours)*. Furthermore, the Branch Court determined that whether the facts as alleged in the complaint constitute discrete acts or acts under the continuing violation doctrine is a matter to be submitted to the trier of fact. Id.

Nonetheless, in the instant cause of action, the Court needs not to examine whether the <u>Morgan</u> standard should be extended to claims under section 1983 by reason that plaintiffs have failed to show that there is in fact an ongoing violation, i.e. a hostile work environment claim. Moreover, plaintiffs do not make any allegations specifically in terms of policy such as the one presented in <u>Branch v. Guiderland Cent. School Dist</u>. *supra.*. Instead what plaintiffs do show in the complaint is that plaintiff-Morán Vega is still under an alleged illegal suspension that has not yet been resolved. Such allegation as presented in the complaint does not call for **a permissible and appropriate basis for invocation of the continuing violations doctrine** by virtue that the *Amended Complaint* (Docket No.20) fails to mention and include further acts that would relate specifically to Moran-Vega's suspension. Plaintiffs should not be confused as to make the distinction that Moran-Vega's suspension is a discrete act and that the pendency of the administrative complaint. The suspension constitutes merely an effect of the original discrete act, for it only conveys the notion that no further acts have occurred that would triggered its resolution.

The Court of Appeals for the First Circuit has consistently established the difference between a hostile work environment claim (i.e. a continuing violation act) and a discrete act amounting to a violation. As to this matter, the First Circuit Court has stated that "[t]he Supreme Court specifically found that hostile work environment claims were fundamentally different... and reiterated the rule that for other discrimination claim, discrete discriminatory acts are not actionable if time barred, <u>even when they are related to acts alleged in timely filed charges</u>." <u>Campbell v. BankBoston, N.A</u>, 327 F. 3d. 1 (1st Cir. 2003) *(emphasis ours)*.

Thirdly, plaintiffs sustain that the instant action is not time barred by reason of the pending resolution at the administrative forum. Plaintiffs, of course, are cognizant that civil rights actions brought forth pursuant to §1983 of the Civil Rights Act of 1991 do not have a specific statute of

limitations. Rodríguez-Nárváez v. Nazario, 895 F. 2d 387, 41-42 (1st Cir. 1990). Consequently, courts have been encouraged to, and must apply, the state's statue of limitations which is most appropriate to the particular §1983 claim, Rivera Sánchez v. Autoridad de Energía Electrica, 360 F. Supp. 2d 302, 307 (D.P.R. 2005), which in Puerto Rico is the statute of limitations provided for personal injury actions, to wit, one year. *See*, Ruiz-Sulsona v. Univ. of Puerto Rico, 334 F3d 157, 160 (1st Cir. 2003).

It is known that the running of the statute of limitations period for a personal injury claim can be tolled by filling a complaint, an extrajudicial claim or an acknowledgment of the debt. Art. 1873, 31 P.R. Laws Ann. § 5303 (1990). For an administrative complaint to have the tolling effect of an extrajudicial claim, it must meet the requirements set forth in Art. 1873, *supra*. As stated before, Art. 1873 governs the extrajudicial interruption of the limitations period. Tokio Marine and Fire Ins. V. Perez & Cia., 142 F.3d 1, 4 (1st cir. 1998). Further, an extrajudicial claim effectively tolling the statute of limitations, restarts the prescriptive period on the date the extrajudicial claim is made. Id. However, to effectively toll the statute of limitations said extrajudicial claim has to be made before the statute of limitations expires, the same must be made by the holder of the right to the action whose limitation period is sought to be tolled (addressed to the potential passive figure causing the violation), the means employed to make the claim must be adequate, and there **should be identity between the right claimed and the right affected by the statute of limitations.** Hence, for there to be an effective interruption of the statute of limitations period at the administrative level the claim must be **against each individual defendant** for a §1983 constitutional federal violation and damages claim. Id,(*citing* Galib-Frangie v. El Vocero, 138 D.P.R. 560, 567 (1995); *See also,* Rodríguez-Nárváez, 895 F. 2d at 44; León-Nogueras v. University of Puerto Rico, 964 F. Supp. 585, 587 (D.P.R 1997); Cintrón v. E.L.A., 127 P.R. Dec 582, 592 (1990); Secretario del Trabajo v.

Finetex, 116 P.R. Dec.823, 827 (1986); Díaz-de Diana v. A.J.A.S. Ins. Co., 110 P.R. Dec 471, 476 (citing L. Díez Picazo, *La prescripción en el Código Civil [Prescription in the Civil Code]* (1980) *(emphasis ours).*[1]

In the instant case, plaintiffs sustain that the administrative complaint filed before A.D.T. is analogous to an extrajudicial claim hence the applicable statute of limitations has been tolled. However, the described set of facts, as stated in the complaint, does not show that plaintiffs have fully complied with the requirements established by law in order to effectively perfect an extrajudicial claim, thus, tolling plaintiff's prescriptive period to file the complaint herein. Notwithstanding, plaintiffs should be aware that the Supreme Court of Puerto Rico has ruled that:

> an action before [the Appeals Board] and the judicial action do not pursue identical goals. The action before [the Appeals Board], the way that it is regulated, does not provide means for revealing the intention or desire of the creditor of conserving and demanding the right to be compensated for the damages suffered. Because of that, the exercise [of an administrative complaint] does not qualify as a pretension capable of tolling the running of the statute of limitations for the civil action.

Cintrón, *supra* at 595. **Therefore, the filing of an administrative complaint will not toll the running statute of limitations for tort actions against employees nor violations of federal civil rights based on federal constitutional rights, by virtue that an administrative agency, such as A.D.T., has no jurisdiction to review nor adjudicate such matters**. *See,* Cintrón, *supra* at 595; Delgado-Rodríguez v Nazario, 121 P.R. Dec. 347 (1988); León Nogueras supra at 588-589. Therefore, for all practical purposes, a plaintiff that files an administrative complaint for several

---

[1] The Supreme Court of Puerto Rico has often relied on the definition of "extrajudicial claim" written by the Spanish commentator:
> In principle, claim stands for demand or notice. That is: it is an act for which the holder of a substantive right addresses the passive subject of said right, demanding that he adopts the required conduct. The claim, then, is a pretension in a technical sense.

Díaz-de Diana v. A.J.A.S. Ins. Co., 110 P.R. Dec 471, 476 (1980)(citing L. Díez Picazo, *La prescripción en el Código Civil [Prescription in the Civil Code]*

causes of action, tolls the statute of limitations for all the causes should the agency be able to provide him all the remedies sought, and should he have properly alleged at the agency level a §1983 civil rights claim against the individual defendants based on federal constitutional causes of action, with injunctive remedy and request damages. But all of these claims may not be provided by the A.D.T. Simply stated the A.D.T. cannot grant the remedy now sought and, even if it could, the interruption status ends with the date of the filing, begins to run again for a year and fails to last for the duration of the administrative action. Cintrón, 127 P.R. Dec. at 595. In other words, "**the pendency of an administrative proceeding does not maintain the section 1983 claim in a state of suspended animation.**" Leon Nogueras, *supra* at 589, citing González- García v. Puerto Rico Elec. Power, 214 F. Supp. 2d 201 (D.P.R. 2002).[2]

Presently, the instant cause of action under 42 U.S.C. §1983 is barred by the applicable one year statute of limitations period. For purposes of this case, "*even if* the filing of the [administrative complaint]...had constituted an extrajudicial claim that tolled the statute of limitations for the section 1983 claim, the most that this could have done would be to have restarted the running of the one-year statute of limitations." León Nogueras, *supra* at 589 *(emphasis ours)*. Plaintiff Morán Vega filed an administrative complaint on December 8, 2001, which in the best scenario for plaintiff only interrupted the statute of limitations until December 7, 2002. There is no evidence on the record showing that any of the plaintiffs effectively tolled the statute limitations for the § 1983 beyond December 7, 2002. Instead, the record shows that plaintiffs waited nearly two years after the administrative complaint was filed on August 21, 2003 to file the instant §1983. Accordingly, plaintiffs' instant cause of action under 42 U.S.C. §1983 is time barred because that the filing of the

---

[2]The Court ignores at this time if the administrative pendency action will toll the supplemental claims under article 1802 and 1803, of the Puerto Rico Civil Code and the Constitution of the Commonwealth of Puerto Rico. That depends on whether the administrative action can grant the remedies and/or whether they were in fact plead.

administrative complaint within the administrative agency of A.D.T. on December 8, 2001 did not toll the running of the statute of limitations for claims pursuant to §1983 until August 21, 2003. It should be further noted that the §1983 violation of civil rights claim is against defendants, Myrna Crespo Saavedra, Faustino Acevedo Cruz and José Luis Rivera Rodríguez, in their individual capacity. The cause of action that covers these individuals, under §1983, is not under the advisement of an administrative action. The pendency of an administrative complaint is against the employer, i.e. A.D.T.; it is not addressed against each individual defendant mentioned herein, seeking personal rights under a §1983 claim based on federal constitutional violations against the individual defendants under a jury award, as opposed to a claim merely against the employer, A.D.T.

Finally, plaintiffs sustain that even if Morán Vega's hostile work environment claim is time barred, it is unquestionable that the well pleaded allegation of retaliation for filling and administrative appeal to his illegal suspension is certainly not time barred. Plaintiff alleges that he has been and continues to be subjected to the adverse employment action of his suspension. In fact the agency's failure to even issue a decision to Morán-Vega in almost two years creates an inference of discriminatory animus and retaliation. (Docket No. 35 at 7). The Court notes that such retaliation claim was never averred in the complaint as a matter interrupting prescription, thus, the court needs not to examine any further if the specific claim is in fact time barred. It is well known that arguments not timely raised are deemed waived. Pratt v. United States, 129 F. 3d 54, 62 (1st Cir. 1997). Further, said retaliation claim cannot be considered as newly discovered evidence to grant a motion for reconsideration by virtue that plaintiff knew about these facts prior to filing his complaint.[3] Hence, plaintiff had ample opportunity to raise and include in the complaint the

---

[3] In the Complaint, plaintiff clearly establishes that "[a]s of to the date of filing of this complaint, Plaintiff Morán-Vega has never received a decision or notification made by the agency according to the administrative hearing held on December 19, 2002. It has been more seven (7) months since the administrative hearing took place...It has been more than a year since Plaintiff Morán Vega has unable to return to his workplace because of the

retaliation claim.  Plaintiff should be aware that motions for reconsideration cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment [or order]." Pacific Insurance Company v. Am. Nat'l Fire Ins. Co., 148 F. 3d 396, 403 (4th Cir. 1998).  But even if considered new evidence the Court would be forced to dismiss the allegations because the retaliation claim is against the employer, i.e. A.D.T., not against the individual employees. The administrative agency does not have the power to see a §1983 claim against the employees decided by a jury award for damages based on a federal constitutional violation.  Thus, the employees were not notified of an impending violation against them under §1983 requesting damages; consequently, there is no effective interruption because all the elements of an interruption are clearly not met.  *See* identical analysis of this *Opinion and Order supra* at 12-15.

## CONCLUSION

For the reasons herein stated, the Court hereby **DENIES** plaintiffs' *Motion for Reconsideration and Supplementation to any Pending Dismissal Requests* (Docket No. 35) and **MOOTS** plaintiffs' *Second Motion for Reconsideration and Supplementation to any Pending Dismissal Requests* (Docket No. 44).

**IT IS SO ORDERED.**

**In San Juan, Puerto Rico this 9th day of August 2005.**

> **S/DANIEL R. DOMINGUEZ**
> **DANIEL R. DOMINGUEZ**
> **U.S. DISTRICT JUDGE**

---

A.D.T.' illegal and discriminatoy decision to suspend him."  (Docket No. 1, ¶¶ 40-41).