IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EFRAIN MORAN-VEGA, et al.,
Plaintiffs,

CIVIL NO. 03-1902 (DRD)

v.

VICTOR CRUZ-BURGOS, et al.,
Defendants.

**OPINION AND ORDER**

Pending before the Court is co-defendants Victor Rivera Hernandez, Maria del Carmen Fuentes, Wilfredo Rios Saldaña, Jose Cordero Serrano in their personal and official capacities and Jesus M. Rohena Rivera exclusively in his official capacity, *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Docket No. 40).[1] The appearing co-defendants move the Court to dismiss plaintiffs' claims alleging violations pursuant to 42 U.S.C. §1983 and various supplementary claims under the Constitution of Puerto Rico and the Puerto Rico Civil Code, on the grounds that plaintiffs' claims are time barred. For the reasons stated herein, the Court hereby GRANTS defendants' *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Docket No. 40).

**MOTION TO DISMISS STANDARD R. 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard,* 83 F.3d 1,3 (1st Cir. 1996)(citations omitted); see also *Berríos*

---

[1] The appearing co-defendants are: Victor Rivera Hernandez, Secretary of the Department of Labor, sued in his official and individual capacity; Maria del Carmen Fuentes, sued in her individual and official capacity as Administrator of "Administracion del Derecho al Trabajo"; Wilfredo Rios Saldaña, in his individual and official capacity as Regional Director of the "Administracion del Derecho al Trabajo"; Jose Cordero Serrano, sued in his individual and official capacity as Special Assistant to the Administrator of the Administracion del Derecho al Trabajo; and Jesus M. Rohena Rivera, sued in his official capacity as Executive Assistant to the Administrator of the Administracion del Derecho al Trabajo. (Administracion del Derecho al Trabajo is literally translated "Right to Work Administration".)

*v. Bristol Myers Squibb Caribbean Corp.,* 51 F.Supp.2d 61 (D.Puerto Rico 1999). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 51 F.2d 513, 514 (1st Cir.1988)).

Therefore, in order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooly v. Mobil Oil Corp.*, 851 F.2d 513 (1st Cir. 1988). In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. *Conley v. Gibson*, 355 U.S. at 78. (*Emphasis added*.)

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. *Litton Indus., Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." *Id.*; *see also Rogan v. Menino*, 175 F.3d 75 (1st Cir. 1998). A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." *Calderon Ortiz v. Laboy Alvarado*, 300 F.3d 60, 62-63 (1st Cir. 2002); *SEC v.SG Ltd.*, 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. *Calderon Ortiz*, 300 F.3d at 63; quoting, *Conley v. Gibson*, 355 U.S. at 45-46; *Aulson v. Blanchard*, 83 F.3d at 3.

## FACTUAL BACKGROUND

Mr. Efrain Moran-Vega and his wife are politically affiliated with the New Progressive Party. Since February 16, 1972, plaintiff has been working with the Departamento del Trabajo y Recursos Humanos de Puerto Rico (the state Labor Department). Specifically, Mr. Efrain Moran-Vega (plaintiff) served as Regional Manager for the Administracion del Derecho al Trabajo (ADT), a division within the Labor Department. Plaintiff was accused of illegally destroying public documents, and on December 3, 2001, plaintiff received a letter from the Director of ADT wherein he was accused of authorizing the destruction of public documents and informing the suspension

from employment. On December 19, 2002, an administrative hearing was held.[2] The instant complaint was filed on August 21, 2003, approximately one (1) year and eight months after his suspension.

The appearing co-defendants move for dismissal on the grounds that plaintiffs' complaint fails to state a claim upon which relief can be granted because said claims are time barred. Co-defendants sustain that according to the averments made by plaintiff in his complaint, more than a year elapsed from the time plaintiff's employer provided notice of suspension and intention to dismiss from employment to the time the instant complaint was filed. Co-defendants aver that plaintiffs' federal claims are grounded on civil right violations under 42 U.S.C. §1983, and the relevant jurisprudence shows that the applicable statute of limitations for such claims is one year from the time plaintiff knows or has reason to know the damages suffered, or in claims for discriminatory conduct, upon the time claimant receives unambiguous and authoritative notice of the discriminatory act. Consequently, defendants allege that the limitation period started to count on December 3, 2001, date on which plaintiff was suspended from employment and notice was given of his employer's intention to dismiss. Further, since plaintiffs' complaint was filed on August 21, 2003, over one and a half year had already elapsed at the time the complaint was filed hence, plaintiffs are precluded from raising claims for such violations.

Furthermore, the appearing co-defendants sustain that the fact that plaintiff had sought an administrative hearing prior to termination does not preclude the conclusion that the instant claim is time barred. Co-defendants affirm that the administrative proceeding cannot toll the statute of limitations because ADT, is a state agency lacking any jurisdiction to address claims pursuant to §1983 nor for tort claims therefore, the administrative and the judicial action lacks the essential requisite of identity of purposes between both actions necessary for tolling the statute of limitations. Equally, co-defendants move on these same grounds for the dismissal of plaintiffs' torts claims. Finally, co-defendants sued in their official capacity aver that they are immune from being sued for monetary damages since government officials acting in their official capacity are protected by the sovereign immunity afforded by the Eleventh Amendment.

Plaintiffs' counter by sustaining that their claims were timely asserted because the date the notice of suspension and advising the intention to terminate employment was received, started an ongoing set of discriminatory actions and violations of plaintiff's rights. Plaintiff avers that

---

[2] As of this writing, the record is devoid of any evidence showing the outcome of the administrative hearing.

defendants' actions constitute a clear case of "systematic violations" hence, the discriminatory practice or policy has continued into the limitations period. In support, plaintiff reasons that at the time of filing he was subjected to an ongoing act and/or violation because the outcome of the administrative hearing relating to his suspension was still pending resolution.

Finally, the Court notes that previously, other co-defendants in the instant case also moved the Court under a motion to dismiss pursuant to Rule 12(b)(6) on the same grounds as the instant motion to dismiss.[3] (*See*, Docket Entry No. 9). The Court issued an Opinion and Order (Docket No. 34) dated September 23, 2004, wherein the Court reasoned that plaintiff's claims were time barred because plaintiff had failed to show that his claims encompassed a continuing violation of rights. The Court concluded that plaintiff had failed to show that at least one discriminatory act occurred within the limitations period, and that plaintiff's illegal suspension failed to constitute an act that spilled over into the statute of limitations. Neither, the Court agreed with plaintiff that a hostile work environment had been created by placing supervisor affiliated with a different political group nor with plaintiff's conclusions that the administrative hearing was held in a discriminatory manner. The Court reasoned that plaintiff's assertions were nothing more than "conclusory claims of political discrimination" in support its continuing violation theory. Finally, the Court reasoned that the fact that plaintiff continued under the effects and suffering of the illegal suspension caused by the administrative hearing fell short of constituting a serial violation under the continuing violation theory. Contrariwise, the Court concluded that plaintiff continued to suffer from the ongoing effects of the employment suspension.

## LEGAL ANALYSIS

### A) STATUTE OF LIMITATIONS AND §1983 CLAIMS

It is well settled law that civil rights actions brought forth pursuant to §1983 of the Civil Rights Act of 1991 do not have a specific statute of limitations. *Rodríguez-Nárváez v. Nazario*, 895 F. 2d 387, 41-42 (1st Cir. 1990). Consequently, trial courts have been encouraged to, and must apply, the state's statue of limitations which is most appropriate to the particular §1983 claim, *Rivera Sánchez v. Autoridad de Energía Electrica,* 360 F. Supp. 2d 302, 307 (D.P.R. 2005), which in Puerto

---

[3] Further, the Court notes that instant co-defendants Victor Rivera Hernandez and Maria del Carmen Fuentes had previously filed a motion to join co-defendants Myrna Crespo-Saavedra, Faustino Acevedo-Cruz; and Jose Luis Rivera-Rodriguez's *Motion for Rule 12(b)(6) Dismissal* at Docket Entry No. 9. However, the request to join other co-defendants' motion to dismiss was mooted by the Court because it was filed after the Magistrate Judge had issued the Report and Recommendation and grounds for dismissal as to said movants had not been entertained by the Magistrate Judge in the R & R.

Rico is the statute of limitations provided for personal injury actions, to wit, one year. *See*, *Ruiz-Sulsona v. Univ. of Puerto Rico*, 334 F3d 157, 160 (1st Cir. 2003).

Puerto Rico's Civil Code provides that actions for obligations arising from fault or negligence prescribe one year from the moment the aggrieved person has knowledge of the injury; that is to say, the statute of limitations provides a one-year term for a tort action. 31 P.R. LAWS ANN., § 5298 (1990). The general rule is that the one-year "term does not start to run from the occurrence of the negligent act or damage, but from the moment the damage is known." *Barretto Peat, Inc. v. Luis Ayala-Colon Sucrs., Inc.*, 896 F.2d 656, 658 (1st Cir. 1990)(*citing Rivera-Encarnacion v. Estado Libre Asociado de P.R.*, 13 P.R. Offic. Trans. 383, 385 (1982). Notice or knowledge of the injury exists when there are "some outward or physical signs through which the aggrieved party may become aware and realize that he or she has suffered an injurious after effect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed". *Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 13 (1st Cir. 1997).

Although the general rule establishes that the one-year term starts on the date the plaintiff becomes aware of the damage and who caused the damage, if the plaintiff's lack of awareness is due to his own negligence or carelessness, then the prescriptive period will begin to run from the date the alleged tort occurred. The plaintiff is then presumed to have knowledge of the injury at the time of the tortious act, and has the burden of proving that he learned of the act at a later date. *See Rivera-Encarnacion*, 13 P.R. Offic. Trans., at 385 (*citing* L. Diez Picazo, *La Prescripcion en el Codigo Civil*, 240 (Barcelona, Bosch ed. 1964)). *See also*, *M.R. (Vega Alta), Inc. v. Caribe General Electric Products, Inc.*, 31 F.Supp.2d 226, 239 (D. Puerto Rico 1998)(The statute of limitations for tort claims in Puerto Rico is one year according to Sections 1868 and 1869 of the Civil Code of Puerto Rico, 31 P.R. STAT. ANN., §§ 5298 & 5299)(J., Fuste).

Further, it is known that the running of the statute of limitations period for a personal injury claim can be tolled by filing a complaint, an extrajudicial claim or an acknowledgment of the debt. Art. 1873, 31 P.R. Laws Ann. § 5303 (1990). However, for an administrative complaint to have the tolling effect of an extrajudicial claim, it must meet the requirements set forth in Art. 1873, *supra*. As stated before, Art. 1873 governs the extrajudicial interruption of the limitations period. *Tokio Marine and Fire Ins. v. Perez & Cia.*, 142 F.3d 1, 4 (1st cir. 1998). Further, an extrajudicial claim effectively tolling the statute of limitations, restarts the prescriptive period on the date the extrajudicial claim is made. *Id.* However, in order to effectively toll the statute of limitations said extrajudicial claim has to be made before the statute of limitations expires, the same must be made

by the holder of the right to the action whose limitation period is sought to be tolled (addressed to the potential passive figure causing the violation), the means employed to make the claim must be adequate, and there **should be identity between the right claimed and the right affected by the statute of limitations.** Hence, for there to be an effective interruption of the statute of limitations period at the administrative level the claim must be **against each individual defendant** for a §1983 constitutional federal violation and damages claim. *Id*,(citing *Galib-Frangie v. El Vocero*, 138 P.R.D. 560, 567 (1995); *See also, Rodríguez-Narváez*, 895 F. 2d at 44; *León-Nogueras v. University of Puerto Rico,* 964 F. Supp. 585, 587 (D.P.R 1997); *Cintrón v. E.L.A.*, 127 P.R. Dec 582, 592 (1990); *Secretario del Trabajo v. Finetex*, 116 P.R. Dec.823, 827 (1986); *Díaz-de Diana v. A.J.A.S. Ins. Co.*, 110 P.R. Dec 471, 476 (citing L. Díez Picazo, *La prescripción en el Código Civil [Prescription in the Civil Code*] (1980) *(emphasis ours).*[4]

Furthermore, the Supreme Court of Puerto Rico has pellucidly ruled that the filing of an administrative complaint will not toll the running statute of limitations for tort actions nor violations of constitutional rights, provided that an administrative agency, such as the Puerto Rico Department of Labor, the ADT, or the EEOC, does not possess jurisdiction over such matters. *See Cintrón v. E.L.A.*, 127 P.R. Dec. 582, 595 (1990); *Delgado-Rodríguez v. Nazario*, 121 P.R. Dec. 347 (1988); *León Nogueras*, 964 F. Supp. 585, 588-89 (1st Cir. 1997). In specific terms, the Supreme Court of Puerto Rico has explained that,

> an action before the Department of Labor and the judicial action do not pursue identical goals. The action before the Department of Labor, the way that it is regulated, does not provide means for revealing the intention or desire of the creditor of conserving and demanding the right to be compensated for the damages suffered. Because of that, the exercise [of an administrative complaint] does not qualify as a pretension capable of tolling the running of the statute of limitations for the civil action.

*Cintrón*,127 P.R. Dec at 595. The Court adds that the administrative level claim constituted a claim against the agency not the executives in their individual nor official capacities. Therefore, for all practical purposes, a plaintiff that files an administrative complaint for several causes of action, tolls the statute of limitations for all the causes should the agency be able to provide him all the remedies

---

[4] The Supreme Court of Puerto Rico has often relied on the definition of "extrajudicial claim" written by the Spanish commentator:
> In principle, claim stands for demand or notice. That is: it is an act for which the holder of a substantive right addresses the passive subject of said right, demanding that he adopts the required conduct. The claim, then, is a pretension in a technical sense.

*Díaz-de Diana v. A.J.A.S. Ins. Co.*, 110 P.R. Dec 471, 476 (1980)(citing L. Díez Picazo, *La prescripción en el Código Civil [Prescription in the Civil Code*]

sought against the defendants, and should he have properly alleged at the agency level a §1983 civil rights claim based on federal constitutional causes of action, with injunctive remedy and request damages. But, simply stated, the Department of Labor or the ADT cannot grant the remedy now federally sought under §1983. But even if the claim interrupted, said interruption status ends with the date of the filing, and the statute of limitations begins to run again for a year and fails to last for the duration of the administrative action. *Cintrón*, 127 P.R. Dec. at 595. Plaintiff should keep in mind that "**the pendency of an administrative proceeding does not maintain the section 1983 claim in a state of suspended animation.**"[5] *Leon Nogueras*, 964 F. Supp. at 589; *see also González-García v. Puerto Rico Elec. Power*, 214 F. Supp. 2d 201 (D.P.R. 2002); *Secretario del Trabajo*, 116 P.R. Dec. at 827; *Galib Frangie v. El Vocero*, 138 P.R.D. at 567.

### B) CONTINUING VIOLATIONS THEORY

There are two kinds of continuing violations, serial and systematic. Serial violations consist of a series of discriminatory acts emanating of the same discriminatory animus, **each act constituting a separate actionable wrong.** *Thomas v Eastman Kodak*, 183 F3d 38, 53 (1st Cir., 1999**;** *Jensen v. Frank*, 912 F. 2d 517, 522 (1st Cir 1990). *Emphasis added*. In this case, plaintiff must show that at least one discriminatory act occurred within the limitations period to establish a serial violation. It is not enough to demonstrate that plaintiff "is merely feeling **the effects of some earlier discriminatory action**". *Muñiz-Cabrero v Ruiz*, 23 F.3d 607, 610 (1st Cir., 1994). *Emphasis added. See Goldman v. Sears Roebuck and Co.*, 607 F.2d 1014, 1018 (1st Cir.1979)("A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination.") On the other hand, to establish a systematic violation plaintiff must demonstrate that he was harmed by a discriminatory policy or practice and that such policy or practice continues into the limitations period. *Thomas v Eastman Kodak*, 183 F.3d at 53; *Muñiz-Cabrero v Ruiz*, 23 F.3d at 610. As Plaintiffs correctly assess, the purpose of the continuing violations doctrine is to ensure that plaintiffs' claims are not foreclosed merely because the plaintiffs needed to see a pattern of repeated acts before they realized that the individual acts were discriminatory. *Thomas v Eastman Kodak*, 183F.3d at 54.

---

[5] *A contrario sensu* a "suspended animation" occurs under an EEOC charge with one important distinction- the statute calls for "suspended animation" against the employer, in this case, the Labor Department, **but not** the natural persons sued herein in the individual capacities, for a definite period of time after the issuance of the right to sue letter. *See generally*, *Love v. Pullman*, 404 U.S. 522, 526; 92 S. Ct. 616 (1972); Civil Rights Act of 1964, §706 (c), 42 U.S.C.A. §2000e-5.

**C) ELEVENTH AMENDMENT IMMUNITY**

The Eleventh Amendment proscribes that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. Amendment XI.  The Eleventh Amendment renders states, including Puerto Rico, immune from claims brought in federal courts by citizens of the same or any other state.  *Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority*, 991 F.2d 935, 938 (1st Cir. 1993); *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116,121 (1st Cir. 1991).

There are exceptions to the rule.  Specifically, the Eleventh Amendment protection does not apply in four (4) circumstances: a state may consent to be sued in federal forum; a state may waive its own immunity by statute or the like; Congress may abrogate state immunity; or, if circumstances allow, other constitutional imperatives may take precedence over the Eleventh Amendment's bar.  *Metcalf* at 938.  In the present case, none of these exceptions are raised.

Eleventh Amendment immunity does not solely protect the State.  Rather, since a State only exists through its instrumentalities, Eleventh Amendment immunity also extends to arms or "alter egos" of the State.  *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico*, 818 F.2d 1034, 1036 (1st Cir.1987); *see also*, *Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).  In addition to state agencies and institutions, Eleventh Amendment immunity may also attach to suits against state officials  "when the state is the real, substantial party in interest." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101, 104 (1984).  Although, state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office. *Will v. Michigan Dept. of Tate Police*, 491 U.S. 58, 70-71 (1989); *Brandon v. Holt*, 469 U.S. 464, 471 (1985). As such, it is no different from a suit against the State itself, therefore, immunity attaches to state officials, in their official capacity. *See also*, *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690, n. 55 (1978).

**ANALYSIS**

In order for the Court to determine whether plaintiffs' claims are time barred because the applicable statute of limitations has elapsed as sustained by movants, the Court must first determine whether plaintiff's claims fall within the continuing violations doctrine hence tolling the applicable statute of limitations.  Plaintiff insists that his claim is a clear case of systematic violation under the continuing violations theory.  The facts as stated in the complaint reveal that co-defendant Wilfred

Rios-Saldaña was appointed as plaintiff's supervisor the incident accusing plaintiff of destruction of public property occurred on November 2, 2001; that on December 3, 2001 notice was provided to plaintiff advising he was being suspended and the agency's intention to dismiss plaintiff from employment; and that on December 8, 2001, the administrative complaint was filed.

Under a Rule 12(b)(6) motion standard of review, and accepting as true all factual averments and indulging all reasonable inferences in the plaintiff's favor, *Conley v. Gibson*, 355 U.S. at 45-46, an examination of the Amended Complaint fails to show that plaintiff was subjected to a pattern of discriminatory policy or practice that spilled over into the limitations period, hence plaintiff has failed to sustain that he was subjected to a systematic violation within the continuing violations theory. *Muñiz-Cabrero v. Ruiz*, 23 F.3d at 611. Accordingly, plaintiff's allegations fail to show that he was injured or harmed by the application of said discriminatory policy or practice. *Jensen v. Frank*, 912 F.2d at 523. In other words, the complaint fails to set forth factual allegations regarding each material element necessary to sustain recovery under the systematic violation modality of the continuing violations theory. *Romero-Barcelo v. Hernandez-Agosto*, 75 F.3d at 28 n.2. Simply stated, after the administrative complaint was filed on December 8, 2001, there are no facts alleged showing a systematic violation, and the case was filed more than one year thereafter.

Similarly, the Court must examine whether plaintiff was subjected to a pattern of continuing violation under the modality of serial violations. As stated previously, serial violations are composed of a number of discriminatory acts emanating from the same animus, each constituting a separate actionable wrong, and plaintiff must carry its burden showing that at least one discriminatory act occurred within the limitations period. Once again, plaintiff's attempt to show a discriminatory act within the statute of limitations run afoul. The Court explains.

Taking as true all the facts as averred by plaintiff in the complaint and making all reasonable inferences on his behalf, plaintiff fails to evidence that there was both a discriminatory animus against plaintiff and that at least one discriminatory act occurred within the limitations period. The last "discriminatory act" proffered by plaintiff is the notice of employment suspension occurring on December 3, 2001. Certainly, this puts the burden on plaintiff to show that another discriminatory act occurred on or before December 2, 2002. Certainly there are no facts alleged between the filing of the administrative complaint on December 3, 2001, and August 21, 2003, the date of filing of the judicial complaint. The record is devoid of such evidence. Therefore, the Court deems that plaintiff has failed to state a continuing violation since the facts as alleged in the complaint clearly show that plaintiff continues to suffer from the ongoing effects of its suspension. *Muñiz-Cabrero v. Ruiz*, 23

F.3d at 610.

Notwithstanding, plaintiff moves the Court to consider that the filing requesting an administrative hearing tolled the applicable statute of limitations. Plaintiff's proposition also fails. It has been stated before that for an administrative claim to have the same tolling effect as an extrajudicial claim, it must meet the requirements set forth by Article 1873, Puerto Rico Civil Code, 31 P.R. Laws Ann. §5303. Furthermore, for there to be an effective tolling of the statute of limitations at the administrative level, the claim must be asserted against each defendant in their personal capacity based on a §1983 claim under federal constitutional or federal statutory violations and damages. *Leon-Nogueras v. University of Puerto Rico*, 964 F.Supp. at 587.

However, plaintiff's filing of the administrative complaint before the agency has not tolled the statute of limitations for tort actions against plaintiff nor violations of federal civil rights based on federal constitutional rights or federal statutory rights, by virtue that an administrative agency, i.e., the Labor Department or A.D.T., has no jurisdiction to review nor adjudicate such claims under the federal constitution or other applicable federal statutory violations. *See, Cintrón*, 127 P.R. Dec. at 595. In other words, plaintiff could had tolled the statute of limitations should the agency's administrative proceeding have possessed jurisdiction to entertain plaintiff's §1983 claims based on the federal constitution or a federal statute, and tort damages claims against individuals in their personal capacities. However, since the agency lacks said jurisdiction to entertain federal claims against individuals in their personal capacity, the filing of an administrative complaint for said causes of action never had the effect of tolling the applicable statute of limitations. Finally, the Court notes that the applicable jurisprudence has provided that should the filing of an administrative complaint toll the statute of limitations, the most it could have had accomplished was to restart the running of the one year statute of limitations. *Leon-Nogueras v. University of Puerto Rico*, 964 F.Supp. at 589. In other words, plaintiff's filing the administrative complaint before ADT on December 8, 2001, at the most tolled the statute of limitations until December 7, 2002. Since the instant complaint was filed on August 21, 2003, the statute of limitations had already expired at the time of filing since the tolling if any began on December 8, 2001.

In employment discrimination actions the statute of limitations begins to run when the adverse decision is **unambiguously** notified to the employee, even if said employee is unaware of the discriminatory animus behind the adverse employment action. *Morris v. Government Development Bank of P.R.*, 27 F.3d at 749-750. After reviewing Mr. Efrain Moran-Vega's averments in the complaint, on December 3, 2001, unambiguous notice was provided to plaintiff

advising he was being suspended and the agency's intention to dismiss plaintiff from employment. Hence, the Court harbors absolutely no doubt that Plaintiff was fully aware of the adverse employment action that triggered the limitations period. The Complaint was filed more than a year after plaintiff received the notification that triggered the commencement of the limitation period. Therefore, the action is time-barred under federal law and defendants' motion to dismiss is hereby **GRANTED**.

Finally, although the Court has ruled that plaintiffs' actions are time barred, the Court restates that those state officials acting in their official capacity and whom monetary damages are sought from are protected by the sovereign immunity afforded by the Eleventh Amendment. As stated previously, immunity attaches to state officials, in their official capacity. *Kentucky v. Graham*, 473 U.S. at 165-166; *Monell*, 436 U.S. at 690, n. 55. Consequently, all claims against co-defendants acting in their official capacity wherein monetary damages are sought are equally dismissed.

## CONCLUSIONS

For the reasons stated herein, the Court hereby **GRANTS** co-defendants Victor Rivera Hernandez, Maria del Carmen Fuentes, Wilfredo Rios Saldaña, Jose Cordero Serrano in their personal and official capacities and Jesus M. Rohena Rivera in his official capacity only's *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Docket No. 40). Therefore, plaintiffs claims are hereby **DISMISSED** against the appearing co-defendants **WITH PREJUDICE**. Plaintiffs' supplemental law claims under the laws of the Commonwealth of Puerto Rico will be **DISMISSED WITHOUT PREJUDICE** since early on in the case, the general rule is that the Court may discard the supplementary jurisdiction claims should the federal claims be dismissed. United Mine Workers of America v.Gibbs, 383 U.S. 715, 726 86 S.Ct. 1130, 1139 (1966); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995); 28 U.S.C. §1367(c)(3). **Judgment** shall be issued accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 17th day of March 2006.

                 **S/DANIEL R. DOMINGUEZ**
                 **DANIEL R. DOMINGUEZ**
                 **U.S. DISTRICT JUDGE**